1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10

11  | SOBOBA BAND OF MISSION INDIANS,        | NO. CV 00-04208 (GAF)(MANx)

12  |                    Plaintiff,            | **ORDER RE: ELEVENTH AMENDMENT IMMUNITY**

13  |                       v.                |

14  | METROPOLITAN WATER DISTRICT OF           |

15  | SOUTHERN CALIFORNIA, a California        |
    | Metropolitan Water District;             |

16  |                                          |

17  |                    Defendants.           |

18                                   I.

19                      **INTRODUCTION AND SUMMARY**

20          On July 13, 2000, the Court requested further briefing on the issue of whether

21  Eleventh Amendment immunity applied to Defendant Metropolitan Water District of

22  Southern California ("MWD"). The parties' responses to this request are now before the

23  Court.

24          MWD argues that it is an arm of the state and therefore, MWD is cloaked with

25  Eleventh Amendment immunity. (See MWD's July 31, 2000 Response, p. 5). In

26  support of this position, MWD asserts that the "overarching test" for the application of

27  Eleventh Amendment immunity is state control over the entity at issue. (Id. at 2).

28  According to MWD, California exercises sufficient control over it to justify extending

Eleventh Amendment immunity.

1  The Soboba Band of Mission Indians ("Soboba") claims that the "overarching

2  test" for determining whether the Eleventh Amendment immunity applies is not state

3  control over the entity, but rather, whether the state would be legally liable for judgments

4  against the entity. (See August 9, 2000 Response, p. 1). According to Soboba, it is

5  MWD and not the State of California who is responsible for money judgments against

6  MWD. (Id.) Furthermore, Soboba argues that under the five factor test espoused by the

7  Ninth Circuit, MWD fails to qualify as an "arm of the state." (Id. p. 2).

8  After considering the arguments of the parties and the authorities cited therein,

9  the Court finds that MWD is not immune from lawsuit under the Eleventh Amendment.

10  **II.**

11  **ANALYSIS**

12  **A. THE "ARM OF THE STATE" DOCTRINE**

13  By its terms, the Eleventh Amendment prohibits only lawsuits prosecuted against

14  a State. However, this ban applies with equal force to entities that are considered an

15  "arm of the state." Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 464 (1945).

16  Under the arm of the state doctrine, a state agent or agency is immune from suit under

17  the Eleventh Amendment because "the state is the real substantial party in interest and

18  is entitled to invoke its sovereign immunity from suit even though individual officials [or

19  state entities] are nominal defendants." (Id.) Put another way, sovereign immunity

20  cloaks the state agent or agency because, if the plaintiff prevails, "[s]uch a judgment

21  would have the same effect as if it were rendered directly against the State for the

22  amount specified in the complaint." Smith v. Reeves, 178 U.S. 436, 439 (1900).

23  **B. APPLICATION OF THE "ARM OF THE STATE" DOCTRINE IN THE NINTH CIRCUIT**

24  The Ninth Circuit has adopted a five-factor test to determine if a particular agency

25  constitutes an arm of the state. For instance, in Durning v. Citibank, the Court stated

26  that:

27  To determine whether a governmental agency is an arm of the state, the
following factors must be examined: [1] whether a money judgment would

28  be satisfied out of state funds, [2] whether the entity performs central

1
2

governmental functions, [3] whether the entity may sue or be sued, [4] whether the entity has the power to take property in its own name or only in the name of the state, and [5] the corporate status of the entity.

3
4

950 F.2d 1419, 1423 (9th Cir. 1991).

5
6
7
8
9
10
11
12
13
14

The Court has also held that of these factors, "the source from which the sums sought by the plaintiff must come is the most important single factor in determining whether the Eleventh Amendment bars federal jurisdiction." Id.; see also ITSI TV Productions, Inc. v. Agricultural Assoc., 3 F.3d 1289, 1292 (9th Cir. 1993)("the first [of the five factors considered] is the most important factor"); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997)("the element of State liability is the single most important factor in determining whether an entity is an arm of the state"). Furthermore, for guidance in making the individual determinations required in the five factor test, courts look to how the entity is treated by state law. Mitchell v. Los Angeles Community College, 861 F.2d 198, 201 (9th Cir. 1989).

15

## C. MWD IS NOT AN ARM OF THE STATE

16
17

Applying the Ninth Circuit's five factor test in the present case clearly demonstrates that MWD is not an "arm of the state."

18

### 1. Money Judgments Would not be Paid out of State Funds

19
20
21
22
23
24
25
26
27

With respect to the first prong, it is MWD and not the State of California that is liable for judgments against MWD. See Cal. Gov. Code § 970.2 ("A local public entity shall pay any judgment in the manner provided in this article."). Furthermore, as Soboba points out, MWD has the authority under state law to raise the funds necessary to pay such judgements: it may raise prices for its services, Cal. Water Code §§109-133, 109-134; issue bonds, Cal. Water Code §109-123; and levy and collect taxes, Cal. Water Code § 109-124. Because Municipal is liable for judgments against it, and has the means of satisfying those judgments, Municipal has failed to satisfy the first and most important prong of the arm of the state analysis.

28

1    **2. MWD Does Not Perform a Central Government Function**

2    MWD also does not perform a central government function.  Examples of

3    activities which have been held to constitute central government functions include public

4    schooling, Eaglesmith v. Ward, 73 F.3d 857, 860 (9th Cir. 1996), and operation of state

5    prisons. Fuller v. State Arizona, 993 F.2d 1387, 1399 (9th Cir. 1993).  By contrast,

6    municipal utility districts do not  perform central governmental functions under California

7    law. See In re Bonds of Orosi Public Utility Dist. v. McCuag, 196 Cal. 43, 48 (1925)(it is

8    "a generally accepted proposition that, while a municipality, which undertakes to supply

9    those of its inhabitants who will pay therefor with utilities and facilities of urban life, is

10    performing a function not governmental, but more often committed to private

11    corporations or persons with whom it may come into competition, it is, in fact, engaging

12    in business upon municipal capital, and for municipal purposes.")  Thus, because MWD

13    does not engage in a central government function, it fails to satisfy the second of the

14    five factors set forth by the Ninth Circuit.

15    **3.  MWD May Sue and be Sued**

16    MWD may sue and be sued.  Cal. Water Code § 109-160.  Thus, it does not

17    satisfy the third prong of the Ninth Circuit's "arm of the state" test.

18    **4. MWD has the Power to Take Property in its Own Name**

19    Similarly, MWD has the power to take property in its own name.  See Cal. Water

20    Code § 109-140, ("A district may take by...purchase...and may hold, enjoy, lease, sell,

21    or otherwise dispose of any and all real and personal property of any kind...necessary

22    or convenient to the full exercise of its powers.").

23    **5.  The Corporate Status of the Identity**

24    Finally, MWD has its own corporate identity.  Under the Metropolitan Water

25    District Act, "Metropolitan Water District" is defined as an "incorporated" entity. Cal.

26    Water Code § 109-3.  MWD has a board of directors, Cal Water Code §§ 109-4, 109-50;

27    it has a CEO, Cal. Water Code § 109-13; a treasurer, Cal. Water Code § 109-83; and it

28    filed a certificate of incorporation with the Secretary of State.  Cal. Water Code § 109-

1  40. Furthermore, MWD's board of directors is empowered to pass resolutions

2  necessary for the management of the district, and to prescribe a system of business

3  administration. Cal. Water Code § 109-61. MWD also has a comprehensive scheme

4  dictating voting procedures, meetings, and annual reports. Cal. Water Code §§ 199-57-

5  59, 109-68, 109-126-127. Finally, as noted above, MWD is financially independent from

6  the State of California. It may issue bonds, Cal. Water Code § 109-82; incur

7  indebtedness, Cal. Water Code 109-123; set water rates and charges, Cal. Water Code

8  § 109-133; levy taxes, Cal. Water Code § 124-124.5; and invest surplus capital, Cal.

9  Water Code § 109-125.

10      In sum, under the Ninth Circuit's five-prong "arm of the state" test, MWD does not

11  qualify for Eleventh Amendment immunity.[1]

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20

21

22  [1]MWD's reliance on Justice O'Connor's dissent in Hess v. Port Authority Trans-Hudson Corp., 513 U.S. 30 (1994) is misplaced. As a dissenting opinion, it by definition states a different view of the law than the view articulated in the controlling, majority opinion. In Hess, the Court clearly stated that, where the factors bearing on an entity's 11th Amendment immunity were in conflict, the decisive consideration is whether the state is obligated to pay a money judgment against that entity. If not, then the entity may not assert 11th Amendment immunity. Moreover, the Court explicitly rejected the "control" test that Justice O'Connor advocated, stating: "Gauging actual control, particularly when an entity has multiple creator-controllers, can be a 'perilous inquiry,' 'an uncertain and unreliable exercise.'" Id., at p. 47. See also Regents of the University of California v. Doe, 519 U.S. 425, 430 (1997)("the question whether a money judgment against a state instrumentality or official would be enforceable against the State is of considerable importance to any evaluation of the relationship between the State and the entity or individual being sued."). But in any event, even if the O'Connor test was applied, the Court concludes that the state does not exercise sufficient control over MWD to confer on it the status of a state agency.

23
24
25
26
27
28

1

## III.

## CONCLUSION

For the reasons set forth above, the Court finds that the Eleventh Amendment does not apply to Defendant MWD.  The hearing now scheduled for March 23, 2001, will therefore be limited to the remaining issues presented by MWD's Rule 12 Motion.

IT IS SO ORDERED.

DATED: March 16, 2001

_____

Gary Allen Feess
United States District Judge