

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**Case No.** CV 00-04208-GAF (MANx)    **Date:** March 26, 2001

**Title:** Soboba Band of Mission Indians v. Metropolitan Water Dist.

---

## The Honorable Gary Allen Feess, Judge

| Marilynn Morris | None Present |
|---|---|
| **Courtroom Deputy Clerk** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
None Present

**ATTORNEYS PRESENT FOR DEFENDANTS:**
None Present

**PROCEEDINGS:** (In Chambers)

### FINAL RULING ON MOTION TO DISMISS

This case involves a dispute between the Soboba Band of Mission Indians ("the Tribe"), a federally recognized Indian Tribe, and the Metropolitan Water District of Southern California ("MWD"). The Tribe claims that in the 1930's, when MWD constructed the San Jacinto Tunnel approximately 3.5 miles from their reservation, the Tunnel intersected underground faults which released substantial quantities of groundwater. According to the Tribe, the released groundwater flowed through leaks into the Tunnel, where it was transported for sale to MWD's customers. Furthermore, the Tribe claims that because the leaks in the Tunnel have not been repaired, groundwater continues to seep into the Tunnel from the Reservation. As a result, streams on the Reservation have allegedly run dry, and wells have become unproductive. The Tribe claims that MWD's misappropriation of the reservation's water has had a devastating economic and cultural impact on the Reservation. Accordingly, the Tribe brings this action generally alleging violations of: (1) their federal common law rights; and (2) 42 U.S.C. § 1983; the Tribe seeks damages, restitution and injunctive relief.

Before the Court is MWD's motion to dismiss the complaint on multiple grounds. As with all motions under Rule 12(b)(6), the Court assumes the truth of the allegations of the complaint. NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); see also Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980) (finding that the complaint must be read in the light most favorable to the plaintiff). The motion tests the legal adequacy of the pleading. Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989)(quoting Conley v. Gibson), cert. denied, 496 U.S. 906, 110 L. Ed. 2d 269, 110 S. Ct. 2588 (1990).

ENTER ON ICMS

MAR 26 2001

**MINUTES FORM 11**
**CIVIL--GEN**                                            -1-                               Initials of Courtroom Deputy Clerk

Having read and considered the motion, opposition and reply papers, and the arguments of counsel at the hearing on the motion, the Court **DENIES** the motion. With respect to each ground for dismissal set forth in the motion, the Court issues the following ruling:

(1) **The Tribe states a claim for reserved water rights.** The Supreme Court has stated that when the Federal Government withdraws its land from the public domain and reserves it for a federal purpose, which includes the creation of Indian reservations, the government by implication reserves appurtenant water then unappropriated to the extent needed to accomplish the purpose of the reservation. See e.g. Winters v. United States, 207 U.S. 564, 576 (1908). Thus, the Tribe through the United States acquires a reserved right to the unappropriated water which vests on the date of the reservation and is superior to the rights of future appropriators. State of Arizona v. State of California, 2000 WL 775538 (2000); Cappaert v. United States, 426 U.S. 128, 143 (1976). This extends to both surface and groundwater. Cappaert, 426 U.S. at 143. The Tribe is not required, as a matter of pleading, to state with specificity the amount of water allegedly diverted by MWD; the complaint meets the requirement of a short and plain statement of the claim showing an entitlement to relief. Fed. R. Ci. P. 8(a); Conley v. Gibson, 355 U.S. 41, 47 (1957).

(2) **The statute of limitations has not run.** Assuming that the claims sound in tort, as MWD argues, the claims fall within the provisions of 28 U.S.C. § 2415(b). Under that statute, any claim published on the secretary's list, and which has neither been formally rejected nor acted upon by the Secretary of the Interior, remains alive. County of Oneida v. Oneida Indian Nation of New York, 470 U.S. 226, 243 (1984). Here the claim was published on the secretary's original list, and has never been acted upon or formally rejected. Hence, it is not barred by the statute of limitations. Furthermore, the Court does not accept the characterization of the claim as one sounding in tort. Rather, it appears to the Court that the claim relates to "title to, or right of possession of, real or personal property." See e.g. Escondido Mutual Water Co. v. Federal Energy Reg. Comm., 692 F.2d 1223, 1235 (9th Cir. 1983)(overruled on other grounds)(holding with respect to water rights on Indian reservations definition, "water rights are interests in land: A water right is generally considered to be real property or "land.") As one scholar states "the right to the flow and use of water being a right in a natural resource, is real estate." 1 Weil, WATER RIGHTS IN WESTERN STATES § 283, 3d Ed. (1911); see also 1 R. Clark, ed., WATER AND WATER RIGHTS § 53.1 at 345 (1967)(a water right is real property for purposes of determining title in an quiet-title action, a mortgage recording requirement, satisfying the statute of frauds, descent and inheritance, and taxation). Since the claim relates to "real property" or "land" such claims fall within 28 U.S.C § 2415(c), which excludes all such claims from the statute of limitations period established in the act.

(3) **The claim did not accrue prior to the enactment of 42 U.S.C. § 1983, and therefore the retroactivity issue is meritless.** Under Ninth Circuit juriprudence, the Tribe is a person under Section 1983 and can bring suit in its name. See Native Village of Venetie Ira Council v. State of Alaska, 155 F.3d 1150 (9th Cir. 1998). And whether or not the statute of limitations imposes some limit on the scope of damages under this statute, the Tribe has alleged a continuing wrong which precludes dismissal of the action. Ward v. Caulk, 650 F.2d 1144, 1146 (9th Cir. 1981); Sisseton-Wahpeton Sioux Tribe v. United States, 895 F.2d 588, 591 (9th Cir. 1990)("Continuing wrongs...are repeated instances or continuing acts of the same nature, as for instance, repeated acts of sexual harassment or repeated discriminatory employment practices.").

**(4) *The claim should not be dismissed because of the alleged existence of a laches defense.*** First, laches is applicable only to equitable, and not to legal, claims. See Wyler Summit Partnership v. Turner Broadcasting System, Inc., 235 F.3d 1184, 1192 (9th Cir. 2000)("We hold that [plaintiff's] claim is legal, and consequently laches is not available as a defense.") Moreover, the defense of laches appears inconsistent with federal policy toward Indian tribes. See Oneida, 470 U.S., at 241, nn. 13, 16. In any event, even if the defense could be pursued, it requires a fact specific inquiry directed toward the length and reasons for delay, and the prejudice to the MWD resulting from that delay. See Gutierrez v. Waterman Steamship Corp., 373 U.S. 206 (1963).

**(5) *The United States is not an indispendable party.*** In cases relating to Indian reservations and the rights arising therefrom, the Ninth Circuit has drawn a distinction between cases involving claims by Indian tribes seeking to protect their interests in tribal lands, and cases involving the alienation of tribal or restricted lands. See Puyallup Indian Tribe v. Port of Tacoma, 717 F.2d 1251, 1254 n. 1 (9th Cir. 1983). In cases like this one, involving the Tribe's effort to protect interest in tribal lands, the Ninth Circuit has held that "[the United States] is *not* an indispensable party in whose absence litigation cannot proceed under Rule 19(b)." Id.; see also Fort Mojave Tribe v. LaFollette, 478 F.2d 1016, 1017 (9th Cir. 1973)("Without joining the United States, an Indian tribe may sue in its own right to protect its interest in restricted land.").

**(6) *The Tribe is not required to exhaust administrative remedies.*** MWD provides no legal authority in support of its contention that a federally mandated settlement process must be completed before filing a civil action. That process does not appear to be an "administrative remedy," even though the Department of the Interior has expressed a preference for non-litigation means of resolving disputes such as this one.

Accordingly, the Court's ruling is to **DENY** all motions of MWD for the reasons stated above.

IT IS SO ORDERED.