UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOBOBA BAND OF MISSION INDIANS;<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA, a California Metropolitan Water District;<br><br>Defendant. | NO. CV 00-04208 (GAF)(MANx)<br><br>**ORDER RE: METROPOLITAN WATER DISTRICT'S MOTION FOR SUMMARY JUDGMENT** |

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77.

I.

### INTRODUCTION AND SUMMARY

The Court is in receipt of Defendant's Motion for Summary Judgment. This motion comes to the Court following certain significant procedural developments, worthy of brief mention here. Plaintiff filed the instant lawsuit on April 20, 2000, alleging that Defendant, in constructing the San Jacinto Tunnel, intersected faults which caused groundwater to drain from Plaintiff's Federally Reserved Indian Reservation, depleting the land of its water resources. Thereafter, Defendant moved to dismiss Plaintiff's Complaint on the basis of, *inter alia*, statute of limitations and laches. During the oral argument in this matter, Defendant requested the Court to clarify the legal theories alleged in Plaintiff's Complaint. The Court, observing the liberal pleading requirements

1 espoused by the Federal Rules of Civil Procedure, refused Defendant's invitation to
2 narrowly construe Plaintiff's Complaint.

3     Following Defendant's unsuccessful Rule 12(b)(6) motion, the Court received
4 Plaintiff's Motion to Strike pursuant to Rule 12(f). In that motion, Plaintiff sought to
5 strike, *inter alia*, a portion of Defendant's Answer which, as an affirmative defense,
6 alleged that the Court determined the legal theories set forth in Plaintiff's Complaint
7 during the hearing on Defendant's Motion to Dismiss. In granting that portion of
8 Plaintiff's Motion to Strike, and striking the offending language from the Answer, the
9 Court reiterated that in the previous hearing it addressed only those issues presented
10 by Defendant's Motion to Dismiss, and nothing more. The Court, again referencing the
11 liberal standards of notice pleading, refused to limit the possible legal theories upon
12 which Plaintiff's Complaint could proceed.

13     Undeterred, Defendant has now filed a motion for summary judgment, although
14 the title of this motion is somewhat of a misnomer. Defendant is not seeking judgment
15 on any claim, cause of action, or element thereof. Rather, Defendant is once again
16 seeking to lock Plaintiff into a specific theory of liability (violation of <u>Winters</u> rights) by
17 contorting Rule 56 into a means of shortcutting the discovery and pre-trial processes.
18 Having considered Defendants' Motion for Summary Judgment, and consulted the
19 authorities cited therein, the Court concludes that this motion is capable of resolution
20 without the argument of counsel. Accordingly, the September 24, 2001 hearing now
21 scheduled in this matter is **VACATED**. <u>See</u> Fed. R. Civ. P. 78, Local Rule 7.11. For
22 the reasons set forth below, Defendant's Motion for Summary Judgment is **DENIED**.

## II.

## ANALYSIS

### A. STANDARD OF REVIEW FOR MOTIONS FOR SUMMARY JUDGMENT

26     Under the Federal Rules of Civil Procedure, summary judgment is proper only
27 where "the pleadings, depositions, answers to interrogatories, and admissions on file,
28 together with the affidavits, if any, show that there is no genuine issue as to any

1  material fact and that the moving party is entitled to a judgment as a matter of law."
2  Fed. R. Civ. P. 56(c). Summary judgment may be granted on part of an action. See,
3  e.g., Fed. R. Civ. P. 56(a); Lewis v. Anderson, 615 F.2d 778 (9th Cir 1979).

**B. DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT IS IMPROPER**

5  Defendant likens the present motion to one for partial summary judgment. (See
6  Metropolitan's Memorandum of Points and Authorities ("Memo."), at 8). (See also
7  Metropolitan's Reply Brief ("Reply"), at 5)(citing Advanced Semiconductor Materials
8  America, Inc. v. Applied Materials, Inc., 1995 WL 419747, at *2 (N.D. Cal. July 10,
9  1995); Department of Toxic Substances Control v. Interstate Non-Ferrous Corp., 99 F.
10  Supp. 2d 1123, 1124 (E.D. Cal. 2000)). It is not.

11  The cases and commentators are split on the question of whether a party may
12  move for "partial summary judgment" on less than a whole claim. See, e.g., Advanced
13  Semiconductor, 1995 WL 419747, at * 2. Compare Barker v. Norman, 651 F.2d 1107,
14  1123 (5th Cir. 1981) (holding that summary judgment may be proper as to some causes
15  of action, or as to some issues but not as to others) with Arado v. General Fire
16  Extinguisher Corp., 626 F. Supp. 506, 509 (N.D. Ill. 1985)("[D]espite Rule 56(a)'s
17  reference to 'all or part' of a claim, the Rule authorizes only the granting of appealable
18  'judgments' disposing of entire claims.").

19  Even if the Court was persuaded that Rule 56 should be applied in a manner
20  which would dispose of issues comprising only a portion of a claim, as in Advanced
21  Semiconductor and Department of Toxic Substances, the present motion does not seek
22  to dispose of a claims, or any portion of a claim, as much as it seeks to define Plaintiff's
23  legal contentions. Defendant's Motion for Summary Judgment does not attack a single
24  cause of action, claim, or element. Thus, if the Court granted this motion, this case
25  would proceed on the same three causes of action alleged now, without any of the
26  elements or factual issues being resolved.

27  The Court therefore concludes that, in seeking an order limiting the Plaintiff to
28  one theory of recovery, Defendant has not presented a proper motion for summary

judgment. What defendant wants – an identification of Plaintiff's theories of relief – should be sought from Plaintiff in discovery through contention interrogatories or other discovery devices. Defendant has a right to seek such information in discovery, and Plaintiff is obligated to provide it. When that process has concluded, the Court will be in a position to assess, at the Rule 16 Pre-Trial Conference, what legal theories may be pursued at trial.

### III.
### CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is **DENIED**.

IT IS SO ORDERED.

DATED: September 21, 2001

_____
Gary Allen Feess
United States District Judge

- 4 -