**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SOBOBA BAND OF LUISEÑO INDIANS, a federally recognized Indian tribe,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA, a California metropolitan water district; LAKE HEMET MUNICIPAL WATER DISTRICT, a California municipal water district; the UNITED STATES OF AMERICA for the benefit of the Soboba Band of Luiseño Indians,<br><br>　　　　Defendants,<br><br>　v.<br><br>EASTERN MUNICIPAL WATER DISTRICT, a California water district,<br><br>　　　　Third-Party Defendant. | Case No. CV 00-04208 GAF (MANx)<br>Judge: Honorable Gary A. Feess<br><br>JUDGMENT AND DECREE |

## JUDGMENT AND DECREE

The Court has considered the Settlement Agreement, which permanently resolves the claims of the Soboba Band of Luiseño Indians, (hereinafter "Soboba Tribe") and the United States appearing for the benefit of the Soboba Tribe for alleged infringement of its water rights in the San Jacinto River and the Canyon Sub-basin and Intake portion of the Upper Pressure Sub-basin associated therewith (collectively "Basin") in Riverside County, California, and for damages related to historical interference with the Soboba Tribe's rights and unauthorized use of its water. A copy of the Settlement Agreement is attached as Exhibit 1 to the Stipulation and Request for Entry of Judgment and Decree.

After consideration of the pleadings and papers filed in this Action, the evidence presented by the Parties, and the Stipulation and Request for Entry of Judgment and Decree, it is hereby ORDERED, ADJUDGED AND DECREED:

1. The Settlement Agreement is hereby approved in its entirety, and this Judgment and Decree incorporates the definitions set forth therein. When used in this Judgment and Decree, the term "United States" shall mean the United States of America acting on behalf of the Soboba Tribe, and in no other capacity except as specifically otherwise provided herein.

2. The Soboba Tribe shall have the right to waters beneath the Soboba Indian Reservation, which shall be held in trust by the United States for the benefit of the Soboba Tribe, as follows:

    A. The prior and paramount right, superior to all others, to pump 9,000 AFA from the Basin for any use on the Reservation and lands now owned or hereafter acquired by the Soboba Tribe contiguous to the Reservation or within the Basin.

    B. The Soboba Tribe's right to pump a total of 9,000 AFA from the Basin is without regard to whether the water was naturally or artificially recharged.

   C. In the event the Soboba Tribe is unable, except for mechanical failure of its wells, pumps or water facilities, to produce from its existing wells or equivalent replacements up to 3,000 AFA production from the Canyon Sub-basin and the remainder of its Tribal Water Right from the Intake Sub-basin, Eastern Municipal Water District and Lake Hemet Municipal Water District ("the Local Districts") shall deliver any shortage to the Soboba Tribe. Any shortage shall be delivered at such locations as the Soboba Tribe and the Local Districts may agree, or if there is no agreement, at the wellheads where the shortage occurred. Such water may be supplied from Local District wells in either the Canyon or Intake Sub-basins, or from other sources. For any water delivered pursuant to this paragraph, the Soboba Tribe shall pay an acre-foot charge equal to its then current cost of production, and any avoided cost of treatment, from the wells where the shortage occurred, assuming pumping lifts equal to the Soboba Tribe's averages in the respective Sub-basins over the preceding ten years.

  3. Beginning on the Effective Date of the Settlement Agreement, the Soboba Tribe's right to pump groundwater in the exercise of its Tribal Water Right shall be subject to the following provisions:

   A. The Soboba Tribe agrees to limit its exercise of the Tribal Water Right to 4,100 acre-feet annually, for a period of fifty (50) years commencing with the Effective Date of the Settlement Agreement, according to the schedule set forth in Exhibit I of the Settlement Agreement. Should the Soboba Tribe during that period identify a need for water in addition to the Schedule set forth in Exhibit I, the Soboba Tribe shall have the right to purchase water from the Water Management Plan at the rate then being charged to the Water Management Plan's municipal producers.

   B. Any use of the Tribal Water Right by an individual member of the Soboba Tribe shall be satisfied out of the water resources provided to the Soboba Tribe in the Settlement Agreement and this Judgment and Decree.

4. The foregoing rights are in full satisfaction of all of the Soboba Tribe's claims as provided in Article 5 of the Settlement Agreement.

5. This Court retains jurisdiction over this matter and the Parties for the limited and sole purpose of interpretation and enforcement of this Judgment and Decree and the Settlement Agreement.

6. The Action shall be transferred to the United States District Court, Central District of California, Eastern Division.

7. Except as may be included in the payments contemplated by the Settlement Agreement, no Party shall recover any attorney's fees or costs from any other Party.

8. The Parties have waived their rights to appeal, and therefore, this Judgment and Decree shall become final and nonappealable as of the date it is entered. This Judgment and Decree shall become enforceable as of the date the United States Secretary of the Interior causes to be published in the Federal Register a statement of findings that all actions necessary to make the Settlement Agreement effective have been completed, as required by Section 10 of the Soboba Band of Luiseño Indians Settlement Act, Public Law 110-297.

Dated: January 27, 2009

_____
GARY ALLEN FEES
United States District Judge